**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAMIRO AVALOS GREGORIO, | Case No. 2:26-cv-00657-JLT-SKO |
| Petitioner, | ORDER DENYING THE PETITION FOR HABEAS CORPUS[1] |
| v. | (Docs. 1, 2.) |
| WARDEN, | |
| Respondents. | |

## I.      INTRODUCTION

Before the Court is Ramiro Avalos Gregorio's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) For the foregoing reasons, the Court **DENIES** the petition for writ of habeas corpus.

## II.      LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or

---

[1] Because the Court denies the underlying petition for habeas corpus, the motion for a temporary restraining order (Doc. 2) is **MOOT**.

laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.   FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Guatemala currently in the custody of Immigration and Customs Enforcement at the California City Detention Facility in California City, California. (Doc. 1 at 1.)[2] On February 12, 2026, Petitioner received a grant of voluntary departure under safeguards by an immigration judge and did not appeal. (Doc. 6 at 2; Doc. 6-1.) According to the order, Petitioner had until March 16, 2026, to depart the United States. (*Id*.) Eighteen days later, on March 2, 2026, Petitioner filed the instant habeas corpus action and a motion for temporary restraining order. (Docs. 1, 2.) Because Petitioner filed the instant petition during the window for voluntary departure, it was unclear whether he was seeking release from custody, or if he intended to voluntarily depart. He does not claim that he did not make a knowing and voluntary decision to accept voluntary departure.

Respondents argue that because Petitioner was not removed from the United States by March 16, 2026, his voluntary departure order becomes a final removal order, and his detention authority would shift to 8 U.S.C. § 1231(a)(2). (Doc. 6 at 2.) Section 1226(a) applies "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1231, on the other hand, applies once a noncitizen is "ordered removed." 8 U.S.C. § 1231(a). Section 1226 thus "governs the detention of aliens until § 1231's 'removal period' begins." *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).

Here, the Immigration Judge granted voluntary departure on February 12, 2026, and Petitioner did not appeal. (Doc. 6-1.) According to the IJ's order, Petitioner's voluntary departure period ended on March 16, 2026. (Doc. 15-1 at 3.) The order further provided that if Petitioner failed to depart by March 16, 2026, the alternate order of removal would take effect

---

[2] Respondents proffer to the Court that Petitioner was arrested by immigration officers in the interior of the United States and not at the border or at a Port of Entry.  It is unclear from the record for exactly how long Petitioner has been in custody. Respondents attached a Notice to Appear signed by Petitioner on January 28, 2026. (Doc. 6-2.)

immediately. (*Id.*)

Section 1231(a)(1)(B) provides that the removal period beings on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Thus, Petitioner's removal period began on March 16, 2026, the date his removal order became administratively final, and Petitioner is currently subject to the 90-day removal period set forth in § 1231(a)(1)(A). During this removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). Petitioner is thus not entitled to a bond hearing because during the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory. Thus, for the reasons set forth, the Court **ORDERS**:

1.    The petition for writ of habeas corpus is **DENIED** for the reasons stated in the orders cited above;

2.    The Court's stay precluding transfer and removal of Petitioner from the United States (Doc. 5)  is **WITHDRAWN**.

3.     The Clerk of Court is directed to close this case and enter judgment for Respondents.

IT IS SO ORDERED.

Dated:   **March 24, 2026**

UNITED STATES DISTRICT JUDGE

3